OPINION OF THE COURT
Mario J. Rossetti, J.
The defendant has been indicted for criminal possession of a controlled substance in the third degree (first and second counts), criminal possession of stolen property in the fourth degree (third count), unauthorized use of a vehicle in the third degree (fourth count) and has moved to inspect and dismiss the indictment on the grounds that the evidence presented to the Grand Jury is legally insufficient. The court has inspected the Grand Jury minutes in camera.
The evidence presented to the Grand Jury established that defendant was a passenger in a stolen vehicle with three other occupants. The vehicle was stopped by the Buffalo Municipal Housing Police, who then directed its occupants to exit and then frisked, arrested, handcuffed them behind their backs, and placed them in the rear of the police car. Upon arriving at the police station, the four arrestees were escorted from the police car and into the precinct where their arrests were processed. During a subsequent routine search of the police vehicle, the officers found a quantity of suspected cocaine hidden in the back seat. Applying the automobile presumption to the drugs found in the police car, the People requested and obtained an indictment charging each of the four individuals, including defendant, with possession of those drugs (first and second counts). The issue herein is whether the People can properly apply the presumption contained in Penal Law § 220.25 (1) to the involuntary occupants of a police vehicle. For two basic reasons, this court concludes that it cannot be so applied.
First, the rationale behind the presumption, as expressed by its sponsors, is that the Legislature did not believe that persons transporting dealership quantities of contraband were likely to drive around with innocent friends or that they would pick up *966 strangers (see, People v Leyva, 38 NY2d 160, 166-167, citing 1972 Interim Report of Temp St Commn to Evaluate Drug Laws, NY Legis Doc No. 10, at 69; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 200.25, at 45). The logical presumption they deduced was that everyone voluntarily occupying the vehicle knew that it was being used to transport the drugs. That conclusion, however, was based on the premise that the drugs in question are found in a vehicle being used to transport the drugs and where all the occupants were willing and knowing occupants. Utilizing the presumption to a police vehicle not being used to transport drugs, but being used to transport individuals arrested for unrelated offenses is, at best, a strained application. It is simply irrational to apply the presumption to drugs found in a police vehicle under these circumstances.
The second reason for not applying the presumption to the facts of this case may be even more compelling. No drugs were found in the stolen vehicle. Each of its occupants were frisked when arrested. Necessarily, whoever secreted the drugs in the police car, if indeed it was one of these arrestees, possessed the drugs on his person when arrested and frisked. If the police had discovered the drugs at that time, the exception in Penal Law § 220.25 (1) (c) would apply, and only the person in possession of the drugs could be indicted. It is incongruous, inconsistent, and illogical to now indict all four occupants of the stolen vehicle for possession of drugs which were necessarily concealed upon one individual when the arrestees were removed from that vehicle and placed into the police vehicle.
Finally, although the third and fourth counts are supported by legally sufficient evidence, they must also be dismissed due to a defect in the Grand Jury proceedings. The Assistant District Attorney presenting the case, when asked by a juror: "When we vote on this we are voting for all four of them at once, not separate, all four charged with all four?”, responded: "Right”, leaving the incorrect impression that the grand jurors could not separately consider and no bill one or more of the defendants, while indicting the others. The juror’s question was likely prompted by the fact that one of the defendants testified. The Assistant’s response was, therefore, especially prejudicial since it deprived that defendant his right to have his testimony considered separate and apart from the *967 case against the other defendants. This is a fundamental error requiring dismissal of the entire indictment.
Pursuant to the foregoing, defendant’s motion to dismiss the indictment is granted, with leave to the People to resubmit counts third and fourth.